UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL A. MARTINEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　Respondent. | Case No. 2:21-cv-6989-FLA (MAR)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME, DISMISSING MATTER WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY |

# I.

# **INTRODUCTION**

Daniel A. Martinez ("Petitioner"), a California state prisoner, has constructively filed[1] a letter requesting an extension of time for filing his federal habeas petition. ECF Docket No. ("Dkt.") 1 at 1. For the reasons stated below, Petitioner's Motion for an Extension of Time is denied, and the action is dismissed without prejudice.

///

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

## II.

## SUMMARY OF THE PROCEEDINGS

On April 15, 2020, the California Court of Appeal denied Petitioner's state habeas petition. Dkt. 1 at 1. On August 24, 2021, Petitioner constructively filed the instant letter with the Court requesting an extension of time for which to file his federal petition for writ of habeas corpus. Id.

## III.

## DISCUSSION

**A. THE COURT LACKS THE JURISDICTION TO CONSIDER THE MOTION BEFORE THE PETITION IS FILED[2]**

**1. Applicable law**

Article III, section 2, of the United States Constitution sets forth the "case or controversy" requirement. See Raines v. Byrd, 521 U.S. 811, 818 (1997) ("Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over this dispute between appellants and appellees only if it is a 'case' or 'controversy.'"). "This is a 'bedrock requirement.'" Id. (quoting Valley Forge Christian Coll. v. Americans United for Separate of Church and State Inc, Inc. 454 U.S. 464, 471 (1982)). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Ky. Welfare Rts. Org., 426 U.S. 26, 37 (1976). In the context of a habeas action, "a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." Woodford v. Garceau, 538 U.S. 202, 208 (2003); see also Calderon v. Ashmus, 523 U.S. 740, 746–49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine time limits that would govern future habeas actions).

---

[2] While the Court cannot rule on Petitioner's Motion for an Extension of Time because there is no "case or controversy" presently before the Court in this matter, if there were a petition, the Court would be able to.

2

**2.    Analysis**

Here, Petitioner's Motion, in effect, seeks an advisory opinion regarding whether his federal habeas petition will be time-barred if: (a) the petition is filed at some unspecified date in the future, which may or may not be within the statute of limitations, and (b) Respondent raises the statute of limitations as an affirmative defense.³ As such, it seeks relief which the Court cannot grant without violating the "case or controversy" requirement of Article III, section 2, of the United States Constitution.  See, e.g., In re Ortiz, No. 2:10-2013-CJC (RNB), 2010 WL 1170484, at *1 (C.D. Cal. Mar. 25, 2010); Corcoran v. Tilton, 2008 WL 816682 (C.D. Cal. Mar. 25, 2008); In re Brockett, 2006 WL 1329675 (N.D. Cal. May 15, 2006); Flores v. California, 2002 WL 1226853 (N.D. Cal. June 4, 2002); In re Burgess, 2001 WL 603609 (N.D. Cal. May 23, 2001); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition actually is filed); United States v. Clarke, 1998 WL 91069, at *1 (D. Conn. Feb. 24, 1998) (denying request for extension of limitations period to file section 2255 motion).

If Petitioner files a federal habeas petition after the statute of limitations has expired and if Respondent raises the statute of limitations as an affirmative defense, it will be incumbent on Petitioner to demonstrate that the Petition is not subject to dismissal on statute of limitations grounds. Without a protective petition on file, these issues cannot be resolved at this time in the context of this motion.⁴ As such, the motion is **DENIED** and the action is **DISMISSED** without prejudice. Further,

---

³ See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (explaining that option of filing protective petition is designed to avoid "predicament" of "a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never properly filed,' and thus that his federal habeas petition is time barred").

⁴ If and when Petitioner files a habeas petition in this Court, this Court can consider whether Petitioner is entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines Stay") or Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2003) ("Kelly Stay") and whether statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling is warranted.

3

the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV.
## ORDER

Thus, this Court **ORDERS** Judgment be entered:

(1) **DENYING** Motion for Extension of Time;

(2) summarily **DISMISSING** the Action without prejudice; and

(3) **DENYING** the Certificate of Appealability.

Dated: September 8, 2021

FERNANDO L. AENLLI-ROCHA
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge